UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOUSTON CASUALTY COMPANY,**

    **Plaintiff,**

v.                                               Case No: 6:24-cv-1140-PGB-LHP

**ANGELS ON EARTH PPEC, LLC
and JOYCE DURHAM,**

    **Defendants.**
_____/

**ORDER**

This cause comes before the Court on Defendant Joyce Durham's ("**Defendant Durham**") Rule 12(b)(6) Motion to Dismiss and Rule 56 Motion for Summary Judgment. (Doc. 23 (the "**Motion**")). The Court does not deem a response to the aforementioned Motion necessary. Upon consideration, the Motion is due to be denied.

**I.   BACKGROUND**

Plaintiff Houston Casualty Company ("**Plaintiff**") initiated this action on June 21, 2024. (Doc. 1 (the "**Complaint**")). The Complaint asserts a sole count for declaratory relief. (*Id.*). Ultimately, on October 7, 2024, Defendant Durham filed its Answer and Affirmative Defenses. (Doc. 22). Then, on October 15, 2024—eight days later—Defendant Durham filed the instant Motion, combining requests to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) and for summary

judgment on the affirmative defenses.[1] (Doc. 23). Upon consideration of the circumstances, the Court finds that a response to the Motion is not warranted. *See, e.g.*, *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable' authority to control their own dockets. . . . [which] includes 'broad discretion in deciding how best to manage the cases before them.'" (quotation omitted)).

## II.   DISCUSSION

In the Motion, Defendant Durham requests two primary forms of relief: 1) the action be dismissed for failure to state a claim under Rule 12(b)(6), and 2) summary judgment be granted on the affirmative defenses of waiver and estoppel. (*Id.*). Ultimately, the Court finds that both requests are inappropriate.

For one, Defendant Durham's request to dismiss this case pursuant to Rule 12(b)(6) is untimely. Simply put, Rule 12(b) requires that motions asserting the defense of failure to state a claim upon which relief can be granted "*must* be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b) (emphasis added). Here, Defendant Durham filed its Answer on October 7, 2024. (Doc. 22). Then, *eight days later*, Defendant Durham moved to dismiss the action pursuant to Rule 12(b)(6) for failure to state a claim. (Doc. 23). Therefore, considering Defendant Durham chose to file its responsive pleading—an answer—first, Defendant Durham waived its right to seek dismissal under Rule 12(b)(6). As such,

---

[1] The Court notes that, in future filings, the parties must separate requests for relief. In other words, a separate motion shall be filed for each request for relief.

the instant Motion requesting relief pursuant to Rule 12(b)(6) is procedurally improper and, thus, denied. *See, e.g.*, FED. R. CIV. P. 12(b); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 971 n.6 (11th Cir. 2002) (noting that by first filing an answer to the complaint, the defendants' Rule 12(b)(6) "motions were a nullity"); *Gallaher v. Deutsche Bank Nat'l Tr. Co.*, No. 18-CV-34-ORL-37TBS, 2018 WL 3758312, at *1 (M.D. Fla. Apr. 19, 2018).

In addition to requesting dismissal of this action in its entirety, Defendant Durham also moved for summary judgment on the affirmative defenses. (Doc. 23). However, such a request is premature.[2] In general, courts should not consider requests for "summary judgment until the party opposing the motion has had a chance to conduct discovery." *Gulfstream Aerospace Corp. v. Gulfstream Unsinkable Boats, LLC*, 530 F. Supp. 3d 1167, 1174 (M.D. Fla. 2021) (citing *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988)); *see Arch Ins. Co. v. VAS Aero Servs., LLC*, No. 16-80749-CIV, 2017 WL 7731224, at *1 (S.D. Fla. Mar. 13, 2017) ("Where a nonmoving party has not had an adequate opportunity for discovery, summary judgment is premature."). Moreover, the Eleventh Circuit has repeatedly maintained that "summary judgment may only be decided upon an adequate record." *WSB-TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988); *see, e.g.*, *Arch*, 2017 WL 7731224, at *1.

---

[2] While Federal Rule of Civil Procedure 56 allows for summary judgment motions to be brought "at any time," some discretion should be read into the Rule's textual liberality. FED. R. CIV. P. 56(b).

Here, Defendant Durham filed its Answer and Affirmative Defenses less than two weeks ago. (Doc. 22). Accordingly, there is nothing "adequate" about the record in the proceedings at this point in time. Discovery has hardly begun, and accordingly, the record is practically nonexistent. It is simply too early in this litigation for the court to resolve the issues before it on summary judgment.[3]

## III.   CONCLUSION

For the foregoing reasons, the Motion (Doc. 23) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 21, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3] Moreover, the parties will be informed in the coming days—upon the Court's issuance of a case management and scheduling order—that each party may only file one (1) motion for summary judgment. Later in the proceedings, if appropriate, Defendant Durham may renew its request for summary judgment.