**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HOUSTON CASUALTY COMPANY,

    Plaintiff,

v.                                                 Case No:   6:24-cv-1140-PGB-LHP

ANGELS ON EARTH PPEC, INC. and
JOYCE DURHAM,

    Defendants

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **HOUSTON CASUALTY COMPANY'S RENEWED APPLICATION FOR DEFAULT AGAINST ANGELS ON EARTH PPEC (Doc. No. 27)**
>
> **FILED:**  November 11, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On November 1, 2024, the Court denied without prejudice Plaintiff's motion for entry of Clerk's default against Defendant Angels on Earth PPEC, Inc.[1] ("AOE"). Doc. No. 26. *See also* Doc. No. 25. The Court noted records with Florida's Department of State, Division of Corporations reflected that AOE is an inactive corporation that was dissolved in February 2024,[2] and that Plaintiff's motion did not demonstrate how its service on "Julia M. Erbiti as Vice President" ("Erbiti") complied with applicable law. *Id.*, at 3 (citing Fed. R. Civ. P. 4(h), 4(e)(1); Fla. Stat. §§ 48.081, 48.091, 48.101). *See also* Doc. No. 21 (return of service indicating process was served on Erbiti).

Now before the Court is Plaintiff's renewed motion for Clerk's default against AOE. Doc. No. 27. The renewed motion argues Plaintiff first attempted service on AOE's registered agent, Aleida D. Cabrera ("Cabrera"), but that Cabrera was unavailable. *Id.*, at 2 (citing Doc. No. 8 (unexecuted return of service attempted on Cabrera)). As such, Plaintiff argues it was permitted to serve Erbiti as AOE's vice president. *Id.*, at 3. *See* Fla. Stat. § 48.081(2) (stating corporations generally "may

---

[1] On November 25, 2024, Presiding District Judge Paul Byron granted Plaintiff's motion to amend by interlineation its complaint (Doc. No. 28) to correct a scrivener's error to correctly identify Defendant as "Angels on Earth PPEC, Inc." Doc. No. 29.

[2] Records with Florida's Department of State, Division of Corporations, are available at https://search.sunbiz.org/Inquiry/CorporationSearch/ByName by entering "Angels on Earth" in the "Entity Name" field.

be served with process required or authorized by law by service on its registered agent designated by the corporation"); § 48.081(3)(a) (stating that if service on a corporation's registered agent is unsuccessful after one good faith attempt, substitute service may be conducted on the corporation's "chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation.").

However, as the Court noted in its prior Order, Florida Department of State records demonstrate that Erbiti has not been listed on any annual report for AOE since March 2022. Doc. No. 26, at 3; *see also* Doc. No. 1-4. "Section 48.081 does not authorize service on former presidents, officers, or directors, etc., of a dissolved or existing corporation." *Mills Corp v. Amato*, 72 So. 3d 814, 816 (Fla. Dist. Ct. App. 2011). *See Diamond Sys., LLC v. FMC Corp.*, No. 6:13-cv-1303-Orl-22TBS, 2013 WL 6051531, at *3 (M.D. Fla. Nov. 15, 2013) (noting Florida case law holds serving corporation's former president is invalid under Sections 48.081 and 48.101); *Int'l Steel Truss Co. v. Artec Grp., Inc.*, 824 So. 2d 340, 342-43 (Fla. Dist. Ct. App. 2002). ("Service on a corporation may be accomplished by serving a person listed in section 48.081(1) only if the person legally fills the position described at the time of such service.").

Despite the Court previously pointing out that Erbiti is no longer listed as AOE's vice president, *see* Doc. No. 26, at 3, Plaintiff provides no evidence or

argument on this point in its renewed motion. Doc. No. 27. Plaintiff therefore again fails to sufficiently establish that service of process on AOE was properly made.

Accordingly, Plaintiff's renewed motion for Clerk's default (Doc. No. 27) is **DENIED without prejudice**. Plaintiff shall file a renewed motion within **fourteen (14) days of this Order**, which must address, by citation to evidence and legal authority, that service of process on the business entity was proper. Alternatively, by this same deadline, Plaintiff may file a properly supported motion requesting additional time to serve AOE.

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2024.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties